FILED by **KS** D.C.

May 4, 2021

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S.D. OF FLA. - MIAMI

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. **21-20276-CR-ALTONAGA/TORRES**

18 U.S.C. § 1344
18 U.S.C. § 1957(a)
18 U.S.C. § 1956(a)(1)(B)(ii)
18 U.S.C. § 2
18 U.S.C. § 982(a)(1)
18 U.S.C. § 982(a)(2)(A)

UNITED STATES OF AMERICA

vs.

YAILEN PEREZ and
FELIX PEDRO MARTINEZ,

Defendants.
_____/

## INDICTMENT

The Grand Jury charges that:

### GENERAL ALLEGATIONS

At various times relevant to this Indictment:

#### The Paycheck Protection Program

1. The CARES Act is a federal law enacted in or around March 2020 designed to provide emergency financial assistance to the millions of Americans who are suffering the economic effects caused by the COVID-19 pandemic. One source of relief provided by the CARES Act was the Paycheck Protection Program ("PPP"), the authorization of up to $349 billion in forgivable loans to small businesses for job retention and certain other expenses.

2. In order to obtain a PPP loan, a qualifying business had to be in operation on or before February 15, 2020, and had to submit a PPP loan application. The loan application required the signature of an authorized representative and the business, through its authorized

representative, to acknowledge the program rules and make certain affirmative certifications in order to be eligible to obtain the PPP loan. In the PPP loan application, the business had to include, among other things, its average monthly payroll expenses and number of employees. These figures were used to calculate the amount of money the business was eligible to receive under the PPP. In support of the application, the businesses were required to provide documentation to the lending institution in order to show that they qualified for the loan. Typically, businesses would supply documents showing the amount of payroll taxes reported to the Internal Revenue Service ("IRS") along with their monthly bank statements. The banks required these records to show that the company was in existence prior to the enactment of the CARES Act and that the company had payroll expenses justifying the amount of PPP loan funds requested by the company.

3. A PPP loan application was processed by a participating lender. If a PPP loan application was approved, the participating lender funded the PPP loan using its own monies. While it was the participating lender that issued the PPP loan, the loan was 100% guaranteed by the Small Business Administration ("SBA"). Data from the application, including information about the borrower, the total amount of the loan, and the listed number of employees, was transmitted by the lender to the SBA in the course of processing the loan.

4. PPP loan proceeds were required to be used by the business on certain permissible expenses-payroll costs, interest on mortgages, rent, and utilities. The PPP allowed the interest and principal on the PPP loan to be entirely forgiven if the business spent the loan proceeds on these expense items within a designated period of time and used a defined portion of the PPP loan proceeds on payroll expenses.

**The Defendants and Related Entities**

5. FTP Body Shop Corp was a Florida corporation registered on August 4, 2017, with its listed principal address in Miami, Florida. From on or about August 4, 2017, through on or about May 20, 2020, defendant **FELIX PEDRO MARTINEZ**, a resident of Miami-Dade County, was the registered agent and sole officer of the corporation.

6. On or about May 20, 2020, defendant **YAILEN PEREZ**, a resident of Miami-Dade County, became the registered agent and sole officer of FTP Body Shop Corp.

7. On or about June 9, 2020, Defendant **FELIX PEDRO MARTINEZ** was re-instated as president of FTP Body Shop Corp. Defendants **YAILEN PEREZ** and **FELIX PEDRO MARTINEZ** were officers of the corporation.

8. FTP Rent a Car & Bodywork LLC was a Florida company registered on February 13, 2019, with its listed principal address in Miami Florida. Defendants **YAILEN PEREZ** and **FELIX PEDRO MARTINEZ** were officers of the company.

9. Bank 1 was a financial institution based in Salt Lake City, Utah, that was insured by the Federal Deposit Insurance Corporation ("FDIC"). Bank 1 was an approved SBA lender of PPP loans.

10. Bank 2 was a financial institution based in Miami, Florida, that was insured by the FDIC.

11. On or about August 6, 2018, defendant **FELIX PEDRO MARTINEZ**, opened a business checking account, ending in 4305 ("Account 4305"), for FTP Body Shop Corp at Bank 2. On or about October 23, 2018, defendant **YAILEN PEREZ** was added as an authorized signer for Account 4305.

12. On or about June 9, 2020, defendant **YAILEN PEREZ** opened a business checking account, ending in 9705 ("Account 9705"), for FTP Rent a Car & Bodywork LLC at Bank 2. Defendants **YAILEN PEREZ** and **FELIX PEDRO MARTINEZ** were authorized signers for Account 9705.

## COUNT 1
## Bank Fraud
## (18 U.S.C. § 1344)

1. The allegations contained in paragraphs 1 through 12 of the General Allegations section of this Indictment are re-alleged and incorporated as though fully set forth herein.

2. From on or about May 20, 2020, through on or about June 8, 2020, in Miami-Dade County, in the Southern District of Florida, the defendants,

**YAILEN PEREZ**
**and**
**FELIX PEDRO MARTINEZ,**

did knowingly, and with the intent to defraud, execute, and attempt to execute, and cause the execution of, a scheme and artifice to defraud one or more financial institutions, which scheme and artifice employed a material falsehood, and did knowingly, and with intent to defraud, execute, and attempt to execute, and cause the execution of, a scheme and artifice to obtain moneys and funds owned by, and under the custody and control of, one or more financial institutions, by means of materially false and fraudulent pretenses, representations, and promises relating to a material fact, in violation of Title 18, United States Code, Sections 1344(1) and (2), and 2.

## PURPOSE OF THE SCHEME AND ARTIFICE

3. It was the purpose of the scheme and artifice to defraud for **YAILEN PEREZ** and **FELIX PEDRO MARTINEZ** to unlawfully enrich themselves and their accomplices by, among

other things: (a) submitting and causing the submission of a false and fraudulent application for a PPP loan; and (b) diverting fraud proceeds for the defendants' personal benefit and the benefit of others.

## MANNER AND MEANS OF THE SCHEME AND ARTIFICE

The manner and means by which **YAILEN PEREZ** and **FELIX PEDRO MARTINEZ** and their accomplices sought to accomplish the purpose of the scheme and artifice included, among others, the following:

4. On or about May 20, 2020, **YAILEN PEREZ** filed a document with the Florida Department of State, Division of Corporations appointing herself as President and sole officer of FTP Bodyshop Corp, replacing **FELIX PEDRO MARTINEZ** who had been the listed President and sole officer of the company from the date of its inception in August 2017.

5. On or about June 5, 2020, **YAILEN PEREZ** caused a false and fraudulent PPP loan application to be filed on behalf of FTP Body Shop Corp through Bank 1. The application, which contained **YAILEN PEREZ**'s name and social security number as the responsible party for the application, falsely inflated the company's number of employees and amount of monthly payroll, and falsely represented that no owner of FTP Body Shop had been placed on probation within the last five years for any felony.

6. Through the false and fraudulent statements in the PPP application, **YAILEN PEREZ** and **FELIX PEDRO MARTINEZ** and their accomplices induced Bank 1 to disburse $217,500 in PPP loan proceeds to the FTP Body Shop Corp Account 4305. Bank 1 transferred the proceeds to Account 4305 on or about June 8, 2020.

7. On or about June 9, 2020, **YAILEN PEREZ** filed a document with the Florida Department of State, Division of Corporations reinstating **FELIX PEDRO MARTINEZ** as President of FTP Bodyshop Corp.

## EXECUTION OF THE SCHEME AND ARTIFICE

On or about the date specified below, in Miami-Dade County, in the Southern District of Florida, **YAILEN PEREZ** and **FELIX PEDRO MARTINEZ** did execute, and attempt to execute, and cause the execution of, the above described scheme and artifice to defraud, as more particularly described below:

| Approximate Date | Execution |
|---|---|
| June 5, 2020 | **YAILEN PEREZ** submitted a false and fraudulent PPP loan application on behalf of FTP Body Shop Corp, in the Southern District of Florida, to Bank 1. |

In violation of 18 United States Code, Sections 1344(1) and (2), and 2.

## COUNTS 2-3
## MONEY LAUNDERING
## (18 U.S.C. § 1957(a))

1. The allegations contained in paragraphs 1 through 12 of the General Allegations section of this Indictment are re-alleged and incorporated as though fully set forth herein.

2. On or about the dates set forth in each count below, in Miami-Dade County, in the Southern District of Florida, the defendants,

**YAILEN PEREZ**
and
**FELIX PEDRO MARTINEZ,**

6

did knowingly engage and attempt to engage in a monetary transaction by, through and to a financial institution, affecting interstate and foreign commerce, in criminally derived property of a value greater than $10,000, such property having been derived from specified unlawful activity, as more specifically described below:

| Count | Approximate Date | Defendant(s) | Financial Transaction |
|---|---|---|---|
| 2 | 6/9/2020 | YAILEN PEREZ and FELIX PEDRO MARTINEZ | Withdrew $40,000 in cash from Account 4305, in Miami, Florida. |
| 3 | 6/10/2020 | YAILEN PEREZ | Withdrew $47,000 in cash from Account 4305, in Miami, Florida. |

It is further alleged that the specified unlawful activity is bank fraud, in violation of Title 18, United States Code, Section 1344(1) and (2).

In violation of Title 18, United States Code, Sections 1957(a) and 2.

## COUNTS 4-16
## MONEY LAUNDERING
## (18 U.S.C. § 1956(a)(1)(B)(ii))

3. The allegations contained in paragraphs 1 through 12 of the General Allegations section of this Indictment are re-alleged and incorporated as though fully set forth herein.

4. On or about the dates set forth in each count below, in Miami-Dade County, within the Southern District of Florida, the defendants,

**YAILEN PEREZ
and
FELIX PEDRO MARTINEZ,**

7

did knowingly engage and attempt to engage in a monetary transaction by, through and to a financial institution, affecting interstate and foreign commerce, which involved the proceeds of a specified unlawful activity, knowing that the transaction was designed in whole and in part to avoid a transaction reporting requirement under Federal law, and that while conducting and attempting to conduct such financial transaction, knew that the property involved in the financial transaction represented the proceeds of some form of unlawful activity, as more specifically described below:

| Count | Approximate Date | Defendant(s) | Financial Transaction |
|---|---|---|---|
| 4 | 6/12/2020 | YAILEN PEREZ | Deposited a $4,500 check drawn from funds in Account 4305 into Account 9705, in Miami, Florida. |
| 5 | 6/12/2020 | YAILEN PEREZ | Withdrew $3,500 in cash from Account 9705, in Miami, Florida. |
| 6 | 6/12/2020 | YAILEN PEREZ | Withdrew $3,500 in cash from Account 4305, in Miami, Florida. |
| 7 | 6/15/2020 | YAILEN PEREZ | Withdrew $3,500 in cash from Account 4305, in Miami, Florida. |
| 8 | 6/17/2020 | YAILEN PEREZ | Withdrew $3,500 in cash from Account 4305, in Miami, Florida. |
| 9 | 6/18/2020 | YAILEN PEREZ and FELIX PEDRO MARTINEZ | Withdrew $3,500 in cash from Account 4305, in Miami, Florida. |
| 10 | 6/19/2020 | YAILEN PEREZ | Withdrew $3,500 in cash from Account 4305, in Miami, Florida. |

| Count | Approximate Date | Defendant(s) | Financial Transaction |
|---|---|---|---|
| 11 | 6/22/2020 | FELIX PEDRO MARTINEZ | Withdrew $3,500 in cash from Account 4305, in Miami, Florida. |
| 12 | 6/25/2020 | YAILEN PEREZ | Withdrew $500 in cash from Account 4305, in Miami, Florida. |
| 13 | 6/26/2020 | YAILEN PEREZ | Withdrew $500 in cash from Account 4305, in Miami, Florida. |
| 14 | 6/30/2020 | YAILEN PEREZ | Withdrew $4,000 in cash from Account 4305, in Miami, Florida. |
| 15 | 7/2/2020 | YAILEN PEREZ | Withdrew $2,500 in cash from Account 9705, in Miami, Florida. |
| 16 | 7/2/2020 | YAILEN PEREZ | Withdrew $1,500 in cash from Account 4305, in Miami, Florida. |

It is further alleged that the specified unlawful activity is bank fraud, in violation of Title 18, United States Code, Section 1344(1) and (2), as alleged in Count 1.

In violation of Title 18, United States Code, Sections 1956(a)(1)(B)(ii) and 2.

## **FORFEITURE ALLEGATIONS**

1.  The allegations of this Indictment are hereby re-alleged and by this reference fully incorporated herein for the purpose of alleging forfeiture to the United States of America of certain property in which the defendants, **YAILEN PEREZ and FELIX PEDRO MARTINEZ**, have an interest.

2.  Upon conviction of a violation of Title 18, United States Code, Section 1344, as alleged in Count 1 of this Indictment, the defendant shall forfeit to the United States of America

any property constituting, or derived from, proceeds obtained, directly or indirectly, as a result of such violation, pursuant to Title 18, United States Code, Section 982(a)(2)(A).

3. Upon conviction of a violation of Title 18, United States Code, Section 1956(a)(1)(B)(ii) or 18 U.S.C. § 1957, as alleged in Counts 2-16 this Indictment, the defendant shall forfeit to the United States any property, real or personal, involved in such offense, and any property traceable to such property, pursuant to Title 18, United States Code, Section 982(a)(1).

All pursuant to Title 18, United States Code, Sections 982(a)(1) and 982(a)(2)(A), and the procedures set forth in Title 21, United States Code, Section 853, as incorporated by Title 18, United States Code, Section 982(b)(1).

A TRUE BILL

_____
FOREPERSON

JUAN ANTONIO GONZALEZ
ACTING UNITED STATES ATTORNEY

THOMAS HAGGERTY
ASSISTANT UNITED STATES ATTORNEY

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

UNITED STATES OF AMERICA

v.

YAILEN PEREZ and
FELIX PEDRO MARTINEZ,

_____ Defendants/

CASE NO. _____

### CERTIFICATE OF TRIAL ATTORNEY*

**Superseding Case Information:**

**Court Division:** (Select One)
- [✓] Miami
- [ ] Key West
- [ ] FTL
- [ ] WPB
- [ ] FTP

New defendant(s)   [ ] Yes   [ ] No
Number of new defendants  _____
Total number of counts  _____

1. I have carefully considered the allegations of the indictment, the number of defendants, the number of probable witnesses and the legal complexities of the Indictment/Information attached hereto.
2. I am aware that the information supplied on this statement will be relied upon by the Judges of this Court in setting their calendars and scheduling criminal trials under the mandate of the Speedy Trial Act, Title 28 U.S.C. Section 3161.
3. Interpreter: (Yes or No) **Yes**
   List language and/or dialect **Spanish**
4. This case will take **3** days for the parties to try.
5. Please check appropriate category and type of offense listed below:

   (Check only one)
   - I   0 to 5 days       [✓]
   - II  6 to 10 days      [ ]
   - III 11 to 20 days     [ ]
   - IV  21 to 60 days     [ ]
   - V   61 days and over  [ ]

   (Check only one)
   - Petty        [ ]
   - Minor        [ ]
   - Misdemeanor  [ ]
   - Felony       [✓]

6. Has this case previously been filed in this District Court? (Yes or No) **No**
   If yes: Judge _____ Case No. _____
   (Attach copy of dispositive order)
   Has a complaint been filed in this matter? (Yes or No) **No**
   If yes: Magistrate Case No. _____
   Related miscellaneous numbers: _____
   Defendant(s) in federal custody as of _____
   Defendant(s) in state custody as of _____
   Rule 20 from the District of _____
   Is this a potential death penalty case? (Yes or No) **No**
7. Does this case originate from a matter pending in the Central Region of the U.S. Attorney's Office prior to August 9, 2013 (Mag. Judge Alicia O. Valle)? (Yes or No) **No**
8. Does this case originate from a matter pending in the Northern Region of the U.S. Attorney's Office prior to August 8, 2014 (Mag. Judge Shaniek Maynard)? (Yes or No) **No**
9. Does this case originate from a matter pending in the Central Region of the U.S. Attorney's Office prior to October 3, 2019 (Mag. Judge Jared Strauss)? (Yes or No) **No**

_____
Thomas Haggerty
Assistant United States Attorney
FLA Bar No.    46136

*Penalty Sheet(s) attached                                         REV 3/19/21

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

## PENALTY SHEET

**Defendant's Name**: YAILEN PEREZ

**Case No**: _____

Count #: 1

Bank Fraud

Title 18, United States Code, Section 1344

**\*Max. Penalty:** 30 Years' Imprisonment

Count #: 2-3

Money laundering

Title 18, United States Code, Section 1957(a)

**\*Max. Penalty:** 10 Years' Imprisonment

Count #: 4-10, 12-16

Money Laundering

Title 18, United States Code, Section 1956(a)(1)(B)(ii)

**\*Max. Penalty:** 20 Years' Imprisonment

**\*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

## PENALTY SHEET

**Defendant's Name**: FELIX PEDRO MARTINEZ

**Case No**: _____

Count #: 1

Bank Fraud

Title 18, United States Code, Section 1344

**\*Max. Penalty:** 30 Years' Imprisonment

Count #: 2

Money laundering

Title 18, United States Code, Section 1957(a)

**\*Max. Penalty:** 10 Years' Imprisonment

Count #: 9, 11

Money Laundering

Title 18, United States Code, Section 1956(a)(1)(B)(ii)

**\*Max. Penalty:** 20 Years' Imprisonment

**\*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.**